## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA LADD,** | |
| **Plaintiff,** | **Case No.: _____** |
| **v.** | |
| **MIDLAND FUNDING, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

**COMES NOW** Plaintiff, Joshua Ladd, (hereafter Plaintiff) by counsel, and for his Complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act (AFDCPA), 15 U.S.C. §1692, and Alabama common law arising from unlawful actions taken by Defendant to collect a debt which it knows is not owed by Plaintiff. Defendant's wrongful collection actions resulted in the garnishment of Plaintiff's wages based on a 2012 judgment obtained in Michigan against a person with Plaintiff's name. At all times, Defendant knew or should have known that Plaintiff could not be the same person sued in Michigan and was never responsible for the debt.

### JURISDICTION

1.     This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. §1331, 15 U.S.C. §1692(k)(d) and 28 U.S.C. 1367. This action also includes state law claims arising from the same operative facts, as to which this Court has pendant jurisdiction.

## PARTIES

2.      Joshua Ladd is an adult resident of the Mobile County, Alabama.   He is a "consumer" as defined by 15 U.S.C. §1692(a)(3).

3.      Defendant Midland Funding, LLC ("Midland"), is a limited liability company formed outside the State of Alabama with its principal place of business in California. Midland is a "debt collector" as defined 15 U.S.C. §1692(a)(6). Midland is not a creditor, it does not originate loans or extend credit to consumers. The principal purpose of Midland's business is the collection of defaulted consumer debt that it purchases by means of interstate commerce for pennies on the dollar.   It   derives large profits from the debt it purchases.   The debt Midland wrongfully collected from Plaintiff was acquired by Midland in this mannar, after the debt was deemed in default by the creditor.   At all times before and after such purchase, information was available to Midland which conclusively demonstrated that the true debtor could not possibly be the Plaintiff.

4.      After purchasing defaulted consumer debts, including the debt addressed herein, Midland uses the mails, internet, facsimile and other interstate means, often through the use of third party collectors, to obtain information about the debts and personal information necessary to extract sums from consumers it claims owe sums on the purchased debt.   Often, as here, Midland's collection actions are premised on false or incomplete information which Midland knows or should know leads to the collection of debts not owed by the victim of its efforts.

## FACTS

5.      Plaintiff is a 27 year old, living in Mobile and works at WalMart.

6.      Defendant, through a series of intentional acts, caused Plaintiff's wages to be

garnished in the amount equal to 25 percent of his gross wages.   This began in February and has continued to the date of the filing of this Complaint.

7.     At no point has Plaintiff been served with any lawsuit: nor has any judgment been obtained against him by Defendant, or anyone else, which could form the basis of any garnishment.

8.     Midland's garnishment was premised on a default judgment obtained in the 24th District Court of the State of Michigan on July 26, 2012. The defendant was Joshua Ladd residing at 18258 Robert Street in Melvindale, Michigan.   The judgment was premised on a Citibank credit card account which, upon information and belief, was created in 2008 or 2009. Plaintiff was 16 in 2009.

9.     Prior to garnishing Plaintiff's wages, Midland had access to Plaintiff's personal information, including date of birth, address and Social Security Number.   These identifiers distinguish him from the judgment debtor, such that even a cursory review of the information available to Defendant would clearly show that Plaintiff was not the person subject to the Michigan judgment.

10.     Plaintiff was 18 years old on the date the judgment was obtained.   He was a child when the Citibank credit card account that formed the basis of Midland's judgment was created. All these facts were known to Midland prior to its garnishment of Plaintiff's wages.   Midland knew or should have known that Plaintiff could not have possibly been liable for the debt sued for in Michigan and that any garnishment against Plaintiff was wrongful and for some purpose other than collection of any legitimate debt.

11.     Shortly after the garnishment began, Plaintiff contacted Midland, disputed the debt and provided information demonstrating that he is not the person responsible for the debt.

3

Midland refused to stop the garnishment and it continues to this day.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

12.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

13.     This is a claim asserted against Defendant Midland for multiple violations of the FDCPA, 15 U.S.C. §1692 (the AFDCPA).

14.     Defendant Midland is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).   The alleged debt which Midland attempted to collect from Plaintiff is a debt as defined by the FDCPA, 15 U.S.C. §1692(a)(5).

15.     Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt.   Defendant has engaged in acts in an attempt to collect a debt from Plaintiff which are unfair, false, harassing, oppressive and abusive all in violation of the FDCPA. Specifically, Defendant has violated the FDCPA in at least the following ways:

    A.    Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. §1692(f)(1);

    B.    The use of false representation and/or deceptive means to collect or attempt to collect a debt. 15 U.S.C. §1692(e)(10);

    C.    Communicating credit information to third parties which defendant knew or should have known was false in violation of 15 U.S.C. §1692(e)(8);

    D.    Attempting to collect a debt by use of threats of future actions which Defendant could not take or had no intention of taking in violation of 15 U.S.C. §1692(e)(5); and

    E.    Taking legal action against a consumer in a jurisdiction other than where the consumer lives. This is a violation of 15 U.S.C. §1692i(a).

16.     All of the actions taken by Midland in violation of the FDCPA occurred within one year of the filing prior to this action.

17.     As a proximate result of Midland's FDCPA violations, Plaintiff has suffered actual damages, including loss of his earned wages, mental and emotional pain, distress and anguish, humiliation, and embarrassment, as well as damages to his credit and reputation.

18.     As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee. .

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Midland for the following:

A.     Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation, and embarrassment, as well as damages to his credit and reputation.

B.     Statutory damages pursuant to 15 U.S.C. 1692k;

D.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. c 1692k; and

E.     Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (Wantonness)

19.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

20.     At all relevant times Defendant owed a duty to Plaintiff to take reasonable precautions in determining whether Plaintiff actually owed the debt prior to the garnishment and to follow the guidelines established under the FRCPA.  Defendant breached these duties by

5

collecting a debt which it knew or should have known was not owed.   Those actions were made with a wanton, reckless or conscious disregard for the facts and for Plaintiff's rights and well-being.   Plaintiff suffered damage as a proximate result of Defendant's wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.   Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT FOUR
### (Wrongful Garnishment and Abuse of Process)

21.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

22.     The actions taken by Defendant in the unlawful garnishment of Plaintiff's wages were made with malice and/or with a reckless disregard for the facts and the well-being of Plaintiff; and these actions were made with the knowledge that the garnishment was wrongful.   The actions were taken without probable cause and were aimed at achieving a goal not properly achieved through garnishment: the collection of judgment debt owed by another person.

23.     Said actions constitute wrongful garnishment and abuse of process. Plaintiff suffered damages as a result of said actions.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wrongful garnishment and/or abuse of process and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.   Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CLAIMS**.

KENNETH J. RIEMER (RIEMK8712)
UNDERWOOD & RIEMER, P.C.
Attorney for Plaintiff
166 Government Street, Suite 100
Mobile, Alabama   36602
Telephone: (251) 432-9212
E-mail: kjr@alaconsumerlaw.com


**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

MIDLAND FUNDING, LLC
c/o Corporation Service Company Inc
641 South Lawrence Street
Montgomery, AL 36104